# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| **Elizabeth Yancey**, individually and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**City of Seabrook, Texas**<br><br>Defendant | §§§§§§§§§§§§ | CA No: 4:20-cv-588<br><br>Collective Action<br>Jury Demanded |

**Plaintiff's Collective Action Complaint**

Elizabeth Yancey ("**Plaintiff**") brings this action individually and on behalf of all others similarly against the City of Seabrook, Texas ("**Defendant**") and in support shows the Court the following:

1. **Nature of Suit.**

    1.1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**").

    1.2. Defendant employed Plaintiff and other Class Members as communication officers whose primary job duties involved manual tasks in the form of operating the phones and scheduling.

2. **Parties.**

   2.1. Plaintiff worked for Defendant in Texas in the three years preceding the filing of this case. Plaintiff is filing her consent to participate in this case with the Court.

   2.2. Plaintiff brings this action individually and on behalf of those communications officers similarly situated pursuant to the FLSA ("**Class Members**" or "**Communications Officers**"). The Class Members consist of Defendant's current and former Communications Officers who were paid overtime not on a weekly basis but only if the employee worked more than 80 hours in a two-week pay period.

   2.3. Defendant is a Texas municipality and is subject to the FLSA.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because Defendant maintains an office in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendant carries on substantial business in the Southern District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

   3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA.

4. **Coverage.**

   4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

   4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

   4.3. Defendant is a municipality. Defendant is an "[e]nterprise engaged in commerce or in the production of goods for commerce" because it an enterprise that is an activity of a public agency within the meaning of Section 3 (s)(1)(C) of the FLSA.

   4.4. At all times hereinafter mentioned, Defendant has been a government of a political subdivision of a State with the meaning of Section 3 (x) of the FLSA. Thus, Defendant is, among other things, a judicial entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x)

5. **Factual Allegations.**

   5.1. Defendant is a Texas municipality.

   5.2. Plaintiff worked for Defendant as a Communications Officer.

   5.3. During the Relevant Period, Plaintiff's job responsibilities consisted of manual labor tasks in the form of answering phones and dispatching personnel.

5.4. Plaintiff was also responsible for various other non-discretionary tasks. These other non-discretionary tasks Plaintiff performed were routine and did not require the exercise of independent judgment or discretion.

5.5. Plaintiff and the Class Members were paid hourly.

5.6. Plaintiff and the Class Members routinely worked more than 40 hours in a work week during the relevant period.

5.7. Plaintiff and the Putative Class Members were not paid overtime on a workweek basis. Instead, Plaintiff and the Putative Class Members were paid overtime only if they had worked more than 80 hours in a two-week pay period. The hours after 80 were then considered overtime hour.

5.8. Defendant's executives were aware that the manner in which Defendant paid overtime to the Communications Officers was improper.

5.9. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation on a weekly basis with respect to Plaintiff and the Class Members.

**6. Collective Action Allegations**

6.1. It is the policy of Defendant not to pay overtime wages to Plaintiff and the Communications Officers unless they worked more than 80 hours in a two-week pay period.

6.2. This compensation policy applies to Plaintiff and all Communications Officers.

6.3. Thus, other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

6.4. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.5. Defendant's failure to pay overtime compensation at the rates required by the FLSA is based on Defendant's generally applicable policy of not paying the Communications Officers overtime unless they work more than 80 hours in a two-week pay period.

6.6. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

6.7. The class of similarly situated Plaintiffs is properly defined by as follows:

> **All Communications Officers who worked for Defendant within the last three years who were not paid overtime on a weekly basis, worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

6.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

8. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

    8.1. Each and every allegation contained in the foregoing paragraphs 1-7, inclusive, is re-alleged as if fully rewritten herein.

    8.2. During the relevant time period, Defendant violated the provisions of section 7 of the FLSA, 29 U.S.C § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

9. **Jury Demand.**

    9.1. Plaintiff demands a trial by jury herein.

10. **Relief Sought.**

    10.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

10.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and her counsel to represent the Class Members;

10.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

10.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

10.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

10.1.5. All unpaid wages and overtime compensation;

10.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

10.1.7. Reasonable attorneys' fees, expert fees, costs, and expenses of this action, including any appeal, as provided by the FLSA;

10.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

10.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:   */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**